■     ALFRED F. RICHARDS, Appellant, v. ELIZABETH C. RICHARDS, Respondent.— Plaintiff appeals from an order of the Supreme Court at Special Term in Montgomery County, entered in Washington County, granting judgment dismissing certain allegations of the complaint. The action is for annulment of the parties' marriage on the grounds that a decree of the Superior Court of New Jersey purporting to dissolve defendant's prior marriage was of no force and effect and that her husband by that marriage was living when she subsequently married plaintiff. By the notice of motion which resulted in the order appealed from, defendant moved for judgment dismissing the complaint on the ground that the court has no jurisdiction of the subject matter of the action " for the reason that the New Jersey decree of 1935 must be given full force and effect by the courts of the State of New York and that this plaintiff cannot challenge the said decree in the courts of New Jersey or in the courts of the State of New York ". The order granted judgment dismissing the allegations of the two paragraphs of the complaint which alleged the New Jersey divorce and its invalidity, the ground recited in the order being that the court must give full faith and credit to the New Jersey divorce decree. The record fails to disclose the entry of any judgment and the appeal is from the order. Had defendant been entitled to the relief sought on her motion, the complaint should have been dismissed in its entirety, judgment should have been entered and plaintiff's appeal then taken from the judgment or from the judgment and order. The errors apparent from what has been said as to the form of the order and as to the parties' procedure with respect to it might ordinarily be susceptible of correction after reapplication to the Special Term. The fundamental difficulty, however, is that the complaint here may not properly be attacked on the ground that the court has no jurisdiction of the subject of the action. (Rules Civ. Prac., rules 106, 107.) " Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question." (*Hunt* v. *Hunt,* 72 N. Y. 217, 229.) This being an action for the annulment of a marriage, the court has jurisdiction of it. The questions raised with respect to the New Jersey decree, including those as to the provisions of New Jersey law which may or may not render it subject to collateral attack, are evidentiary and such as must ordinarily be determined by a trial court, rather than summarily, and do not affect the subject or

character of the action. "If the particular action in question comes within the class of actions of which a court has cognizance, then that court has jurisdiction of the subject matter of that suit." (1 Carmody-Wait on New York Practice, p. 65.) Order reversed and motion denied, with $10 costs. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.